*Townsend & Massie, for appellant.*

*Walker & Hubbard, for appellee.*

---

## W. H. DAWSON ET AL. *v.* BABCOCK & NILLE, ASSIGNEES.

[Abstract Kentucky Law Reporter, Vol. 3—324.]

**Consideration for a Note.**

The sale of the use of a patent right in a certain territory is a good consideration for the execution of a note, and if the title to the right is defective at the time of the sale and is afterwards perfected the right inures to the benefit of the purchaser.

## APPEAL FROM DAVIESS CIRCUIT COURT.

### October 4, 1881.

OPINION BY JUDGE PRYOR:

The only defense relied on is the want of consideration for the note in controversy, and this is attempted to be maintained on the ground that, at the time of the sale of the use of the patent right in certain counties in Tennessee, the patentee had parted with his title, and there is some proof conducing to establish that fact. It further appears that if the title was defective the appellees, or their assignees, had acquired the title, and this enured to the benefit of the appellant who was the vendee. He does not allege that he attempted to sell the washing machines and found that he had no right to the territory purchased, or that he has been injured in any way, and as his title has been perfected, if it ever was defective, he now has the right to sell and can exercise it. Besides, it is evident that Crittenden had attempted to convey the same territory to Curtis in April, 1878, and by inadvertence the state of Tennessee was omitted, and in November, 1879, the mistake was corrected. So there was never any obstacle in the way of appellants selling their patent right, nor is any shown.

Judgment *affirmed.*

*Geo. W. Jolly,* for appellants.

*Sweeney & Son,* for appellees.